**Opinion issued December 8, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-16-00705-CR**

**NO. 01-16-00706-CR**

———————————

**FRANKIE BARTOLO MERCADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 262nd District Court**

**Harris County, Texas**

**Trial Court Case Nos. 1431364 & 1431388**

## MEMORANDUM OPINION

Appellant, Frankie Bartolo Mercado, pleaded guilty to two counts of the first-degree felony offense of aggravated robbery—deadly weapon, in the underlying trial court cause numbers 1431364 and 1431388.[1] Pursuant to plea bargains in both cases,

---

[1]    *See* TEX. PENAL CODE ANN. § 29.03(a)(2), (b) (West Supp. 2016).

the State agreed to recommend that appellant's punishment be assessed concurrently at fifteen years' confinement. On February 1, 2016, in accordance with the terms of his plea bargains with the State, the trial court found appellant guilty and assessed his punishment at fifteen years' confinement in each case, with the sentences to run concurrently.[2] Appellant did not file his pro se combined notice of appeal for both cases until August 23, 2016. Appellant also filed several pro se letter-motions, including for bail and for an extension of time to file his brief, and his pro se appellant's brief, in this Court. We dismiss these appeals for want of jurisdiction and dismiss the motions as moot.

A criminal defendant's notice of appeal must be filed within thirty days after the sentence is imposed, if the defendant has not filed a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(1). A notice of appeal that complies with the requirements of rule 26 is essential to vest the court of appeals with jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996). If an appeal is not timely perfected, a court of appeals does not obtain jurisdiction to address the merits of the appeal. *See Slaton*, 981 S.W.2d at 210.

Here, the trial court signed appellant's judgments of conviction in both cases on February 1, 2016, and imposed the concurrent sentence on that date. Appellant

---

[2]     *See* TEX. PENAL CODE ANN. § 12.32(a) (West Supp. 2016).

did not timely file a motion for new trial or extension of time to file a notice of appeal, making his notice of appeal due by March 2, 2016. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's combined notice of appeal was not filed until August 23, 2016, more than six months after the judgment was signed. *See id.* Thus, under these circumstances, we can take no action other than to dismiss these appeals for want of jurisdiction.[3] *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

Accordingly, we dismiss these appeals for want of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss all pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[3] Moreover, even if appellant had timely appealed, these appeals must be dismissed because the trial court's certifications state that these are plea-bargained cases and that he has no right of appeal in either case. *See* TEX. R. APP. P. 25.2(a)(2), (d). The special clerk's records, filed in this Court on November 15, 2016, in each case, support the trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).